12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Delton OLSON, Debtor.
Richard A. ANSCHUETZ, Trustee, of the Richard A. Anschuetz,
M.D., a.p.c., Pension and Profit Sharing Plan,
Plaintiff-Appellee,
v.
Delton OLSON, Defendant-Appellant.
 No. 92-35302.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Dec. 1, 1993.
 
 Before: TANG, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Delton Olson appeals the district court's summary affirmance of the bankruptcy court's ruling that Olson's judgment debt to Richard A. Anschuetz (as trustee for his pension and profit sharing plan) for fraud in connection with Anschuetz's investment in Olson's company, Modular Generating Systems (MGS), was not dischargeable under 11 U.S.C. Sec. 523(a)(2)(A). We affirm.
 
 
 3
 * Olson argues that an omission of the sort found in this case cannot be fraudulent for purposes of dischargeability under Sec. 523(a)(2)(A). We disagree. We have previously upheld a decision of non-dischargeability in which the fraud consisted of concealment or intentional nondisclosure of material facts. Inahara v. Harris ( In re Harris ), 458 F.Supp. 238, 242 (D.Or.1976), aff'd, 587 F.2d 451 (9th Cir.1978), cert. denied, 442 U.S. 918 (1979). Olson tries to distinguish Harris on two grounds: that it applied Oregon state law, which it cited, and that the case involved a fiduciary or confidential relationship. However, whether a debt is dischargeable is a matter of federal law, Grogan v. Garner, 498 U.S. 279, 284 (1991), so Harris 's holding of nondischargeability controls whether or not its subsidiary holding that fraud may consist of concealment or intentional failure to disclose was based on Oregon law. And while Harris did involve an omission by a partner in a fiduciary or confidential relationship, the fiduciary relationship was not necessary to the decision under section 17(a)(2) of the Bankruptcy Act, 11 U.S.C. Sec. 35(a)(2), the predecessor to Sec. 523(a)(2). Thus, the bankruptcy court did not err in concluding that Olson's debt should not be discharged because of his failure to disclose facts necessary to make statements he did make not misleading.
 
 II
 
 4
 Olson argues that there was insufficient evidence to support the bankruptcy court's finding that he had the requisite intent to deceive. "[I]ntent to deceive under Sec. 523(a)(2)(A), can be inferred and established from the surrounding circumstances." Alexander & Alexander of Washington, Inc. v. Hultquist ( In re Hultquist ), 101 B.R. 180, 183 (Bankr. 9th Cir.1989). The court found that Olson told Anschuetz that a block of stock had been made available by MGS, and that Anschuetz should make his payment to the company. Olson did not, however, tell Anschuetz that the stock was coming from him, and the money would not go to the company, but to him. Nor did Olson tell Anschuetz that his wife was receiving a salary from MGS for doing little or no work, or that he was considering converting the company whose stock Anschuetz was buying into a partnership. Based on the totality of circumstances shown to the bankruptcy judge, including Olson's credibility, we cannot say there was clear error in finding intent to deceive.
 
 III
 
 5
 Next, Olson contends that Anschuetz did not rely on his omissions. Based on Anschuetz's uncontradicted testimony, the bankruptcy court found that had Anschuetz known the true facts, he would have inquired further or not bought the MGS stock. This finding makes Olson's non-disclosure material. While the bankruptcy court did not put it this way, a reasonable investor could have considered the fact of importance to the decision to buy that the principal of a small company was selling a block of his stock and that the money for the stock was going to him.[1] As the district court indicated in Harris, that suffices in a case where facts have been withheld. 458 F.Supp. at 242 (quoting Affiliated Ute Citizens v. United States, 406 U.S. 128, 153-54 (1972)).
 
 IV
 
 6
 Olson finally argues that non-disclosure was not the proximate cause of Anschuetz's loss. He first points to the fact that while the bankruptcy court concluded that Anschuetz's loss was the proximate result of the failure to disclose facts which should have been disclosed, it made no finding as to the proximate cause of Anschuetz's loss. This is a distinction without a difference, however, as we are bound to apply clear error analysis in any event. See Siriani v. Northwestern Nat'l Ins. Co. ( In re Siriani ), 967 F.2d 302 (9th Cir.1992). Olson then submits that the facts show that Anschuetz's loss resulted from his willingness to accept a personal guaranty from Olson, not from the fact that Olson was selling his own stock or that his wife received a consulting fee for doing little or no work. Since both Olson and Anschuetz testified, we have no firm conviction that the bankruptcy court resolved this dispute erroneously. Finally, Olson suggests that the bankruptcy court must have applied the incorrect legal standard for proximate causation because Anschuetz did not actually rely on Olson's silence. We have already held that the court did not err in finding that Anschuetz would have acted differently had he known the truth, and there is no question that the stock became worthless. Section 523 requires no more. Without Olson's silence, Anschuetz would not have incurred the loss.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court's alternative conclusion, that Anschuetz justifiably relied on Olson's misrepresentations, indicates that it believed Anschuetz's belief that the information Olson failed to disclose would have made a difference, was the sort of reaction any reasonable investor would have in the circumstances of this particular case. See Eugene Parks Law Corp. Defined Benefit Pension Plan ( In re Kirsh ), 973 F.2d 1454 (9th Cir.1992) (per curiam)